MUELLER v CITY OF ROSEVILLE

TAXATION—SPECIAL ASSESSMENTS—WIDENING OF ROAD—VALUE IN
ABUTTING PROPERTY—FACTORS IN INCREASE—INFLATION.

> A special assessment levied against property abutting a road
> which had been widened by a city pursuant to a contract with
> a nearby shopping mall was properly declared invalid by the
> trial court, even though the value of the property had in-
> creased, where the city had not shown that the increase in
> value of the abutting property had been caused by the widen-
> ing of the road, the increase in value being due to inflation
> and the mall and the business generated by the mall.

Appeal from Macomb, Eugene F. Black, Acting
Circuit Judge. Submitted Division 2 October 14,
1971, at Lansing. (Docket No. 10739.) Decided
January 25, 1972.

Complaint by John N. Mueller, for himself and on
behalf of other property owners, against the City of
Roseville to have a special assessment declared in-
valid and to enjoin collection. Judgment for plain-
tiffs. Defendant appeals. Affirmed.

*Soma & Oster,* for plaintiffs.

*Ross, Bruff & Rancilio, P. C.,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTE

48 Am Jur, Special or Local Assessments § 38 *et seq.*
51 Am Jur, Taxation §§ 647–661.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM.  Defendant presents this appeal from a judgment, dated November 19, 1970, declaring a special assessment to improve and widen Masonic Avenue from Beaconsfield west to Kelly Road to be unlawful.

By way of background, it should be noted that the City of Roseville, a growing community of more than 60,000 persons located in the southern part of Macomb County, entered into a contract in May of 1964 with the Roseland Shopping Center and Sears, Roebuck & Co., whereby the city agreed that Masonic Avenue from Beaconsfield west to Kelly Road would be repaved with 4 lanes of concrete pavement at its own expense.  In accordance therewith, the defendant formed Special Assessment District Improvement No. PD 367 and levied an assessment of $12.37 per front foot against the property within the district.

The plaintiffs, incensed by this action, filed suit on August 7, 1969, for the purpose of having said assessments declared invalid and to enjoin the collection thereof.  The main thrust of plaintiffs' argument was that, while the widening of Masonic Avenue would be of benefit to the city as a whole, no special benefit accrued to them as abutting landowners, and, in fact, the increased traffic on Masonic Avenue was a detriment.

After a trial, lasting for three days, the learned acting circuit judge found in favor of the plaintiffs and granted the relief prayed for.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The leading cases on this subject are *Fluckey* v. *City of Plymouth* (1960), 358 Mich 447, and *Brill* v. *City of Grand Rapids* (1970), 383 Mich 216.

As pointed out by the trial court, the defendant no doubt was anxious to have this mall complex completed. The complex consists of a large Sears store, 55 other retailers, and 4,500 parking spaces, and was built upon land which previously had been occupied by a red barn and dairy farm. Masonic Avenue, which had been a two-lane black-top road, is not a busy commercial thoroughfare.

The court found "that the instant testimonial record mades a stronger case of strikingly like detriment than was made either in *Fluckey* or *Brill*". We agree.

The defendant attempted to show that the assessments were justified by virtue of an increase in value. The trial court ruled on this item in the following manner:

"Such increase of value can hardly be doubted. The conclusion however does not satisfy our inquiry. The real issue here is whether the *pavement widening project* stepped up the value of the plaintiffs' home premises, or whether other factors did. If other factors caused the increase upon which the city depends, the questioned assessments receive no support on account of such expert testimony.

"As in *Brill,* the experts testifying for Roseville's allegation of increased value have paid little or no attention to the impact of progressive inflation, a factor the Supreme Court noted judicially as far back as 1957 when the disease of devalued money had moved only 'from a crawl to a trot'. (*Normand* v *Thomas Theatre Corp,* 349 Mich 50, 61, 62 [1957].)[1]

---

[1] The trial court, by footnote, observed:
"If but a 'trot' in 1957, it surely is judicially noticeable that inflation's acceleration has been ever greater since the Macomb Mall opened for business."

More important, no such witness has taken into consideration the rather obvious fact that it is the Mall and the business generated thereby, not the widened pavement, which with the course of inflation is the dominant cause of the testified dollar increase of nearby property values. As one of these witnesses conceded, the residential zoned premises on Masonic Avenue—in the vicinity of the Mall—are doubtless due for new zoning, since the already begun devotion of the nearby area to life in recently constructed apartment buildings foreshadows rezoning to allow more and more high level apartment construction and more commercial business around the Mall."

We have reviewed the lengthy record and find no error.

Affirmed.

Costs to plaintiffs.